BELLANCA AIRCRAFT CORPORATION, Appellant, Respondent, *v.* VICTOR J. PERE, Respondent, Appellant.

First Department, March 18, 1932.

*George J. McDonnell* of counsel [*Andrew Bellanca,* attorney], for the plaintiff.

*John S. Chapman, Jr.,* of counsel [*Boyd, Chapman, Vreeland & Gaither,* attorneys], for the defendant.

TOWNLEY, J. Plaintiff sues for $8,000 claimed to be due on a contract of guaranty. The underlying contract covered the sale of

a Bellanca seaplane to be constructed according to specifications. Defendant guaranteed the purchase price up to $10,000. In the contract it was recited that " $2,000 has been paid to you [plaintiff-seller] in the form of a check of the undersigned [defendant] to the order of MacLaren [purchaser] endorsed to you and is to be applied to this guarantee." It was also provided in the contract as follows: " The title to the said seaplane is to remain with Bellanca unless the undersigned [defendant] elects to pay the balance of the purchase price of the ship and take delivery which the undersigned has the option of doing within twenty-one days following failure of MacLaren to take delivery." It is clear from this contract that in order to maintain an action on the guaranty, it was incumbent upon plaintiff as a condition precedent to show that title had remained in it as called for by the contract. It was found by the trial court and we think the evidence supports the finding that title was taken by MacLaren without payment of the purchase price and that later MacLaren in turn transferred the title to a second buyer, Mrs. Hart, for a consideration. The surety's agreement was materially altered and he was discharged. (*Page* v. *Krekey,* 137 N. Y. 307; *Tradesmen's National Bank* v. *National Surety Co.,* 169 id. 563.) The dismissal of the complaint accordingly was proper and should be affirmed.

Defendant counterclaimed for $2,000 which by the terms of the agreement was to be applied to this guaranty. The contract of guaranty having been breached by the beneficiary, moneys paid thereunder on account by the guarantor are recoverable as money had and received. (*Chester* v. *Bank of Kingston,* 16 N. Y. 336.) It was, therefore, error to dismiss the counterclaim.

The judgment should be modified by striking therefrom so much as dismisses the counterclaim and directing judgment for the defendant on the counterclaim for $2,000, with interest and costs, and as so modified affirmed, with costs to the defendant, appellant.

FINCH, P. J., McAVOY, MARTIN and SHERMAN, JJ., concur.

Judgment modified by striking therefrom so much as dismisses the counterclaim, and by directing judgment for the defendant on the counterclaim for $2,000, with interest and costs, and as so modified affirmed, with costs to the defendant.